```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF GEORGIA
                     AUGUSTA DIVISION
```

| | | |
|---|---|---|
| REINALDO JAVIER RIVERA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CV 113-161 |
| | * | |
| ERIC SELLERS, Warden of the | * | |
| Georgia Diagnostic and | * | |
| Classification State Prison, | * | |
| | * | |
| Respondent. | * | |

# O R D E R

The First Amended Petition asserts multiple ineffective counsel claims, and the Answer lists many of them as properly before the Court for review. (Doc. 41; doc. 42, pp. 15-21.) In his response brief, Respondent argued Petitioner failed to exhaust many such claims and also argued the merits in the alternative. (See, e.g., doc. 145, pp. 211-16). However, Respondent only asserted failure to exhaust and did not argue the merits of the claim trial counsel was ineffective for failing to object to inappropriate comments by the prosecutor. (See id. at 226-27.)

In reply, Petitioner argued waiver of the exhaustion defense because the Answer lists this claim as properly before the Court. (See doc. 150, pp. 51-52; see also doc. 42, p. 18

("w) trial counsel failed to make adequate or timely objections to the prosecutor . . .;" and "x) trial counsel failed to object to improper and prejudicial comments and mischaracterizations of evidence.")). Petitioner did not fully brief whether the Court should excuse the alleged failure to exhaust. Thus, the Court directs the parties to provide additional briefing concerning the following issues:

1. Did Respondent expressly waive the exhaustion defense? See 28 U.S.C. § 2254(b)(3); see also Wood v. Milyard, 566 U.S. 463, 472-73 (2012)(reversing lower court's sua sponte consideration of procedural defense despite state's intentional waiver and "deliberate decision to proceed straightaway to the merits.")(citing Day v. McDonough, 547 U.S. 198, 209 (2006) and Granberry v. Greer, 481 U.S. 129, 135 (1987)).

2. Does cause and prejudice exist to excuse Petitioner's failure to exhaust the claim trial counsel was ineffective for failing to object to inappropriate comments by the prosecutor?

3. Is there merit to the claim trial counsel was ineffective for failing to object to inappropriate comments by the prosecutor?

Petitioner shall address all three issues in a supplemental brief to be filed on or before December 8, 2023. Respondent shall file a response on or before January 16, 2024. Petitioner

may file a reply on or before January 30, 2024. No such filing shall exceed 25 pages.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of November, 2023.

```
                                    _____
                                    J. RANDAL HALL, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA
```

3