IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

REINALDO JAVIER RIVERA,      )
     Petitioner,         )
                             )
vs.                          )        Case No. 1:13-CV-161
                             )
GDCP WARDEN,            )        **CAPITAL CASE**
     Respondent.      )

## <u>SUPPLEMENTAL BRIEF IN SUPPORT OF<br>PETITION FOR WRIT OF HABEAS CORPUS</u>

Marcia A. Widder (Ga. 643407)
Georgia Resource Center
104 Marietta Street NW, Suite 260
Atlanta, Georgia 30303
Telephone: (404) 222-9202
Fax: (404) 301-3315
Email: grc@garesource.org
grc@garesource.org

COUNSEL FOR PETITIONER

Comes now the Petitioner, REINALDO JAVIER RIVERA, by and through undersigned counsel, and submits this supplemental brief in support of his petition for writ of habeas corpus in accordance with this Court's Order dated November 9, 2023 (Doc. 157), to address (1) whether Respondent expressly waived the exhaustion defense as to the claim that counsel were ineffective in failing to object to the prosecutor's improper argument at guilt and sentencing; (2) whether Mr. Rivera can show cause and prejudice to excuse any default of the claim; and (3) the merits of the claim. *Id.* at 2. In sum, Respondent did waive exhaustion as to this claim, but nonetheless Mr. Rivera can show cause and prejudice to excuse any default, and the claim warrants relief for Mr. Rivera. These issues are addressed in detail below.[1]

## I.      Respondent waived the exhaustion defense to the claim that trial counsel were ineffective in failing to object to the prosecutor's improper comments.

Mr. Rivera filed his petition for writ of habeas corpus in this Court on September 9, 2013. Doc. 1. Claim One addressed counsel's ineffective assistance at trial and on appeal, and broke that claim down into 43 separate subclaims detailing

---

[1] The arguments set forth in this supplemental brief regarding the questions of exhaustion, and cause and prejudice apply as well to other claims that Respondent, in his Response Brief (Doc. 145), contended are also unexhausted. Mr. Rivera accordingly asks that this brief serve to augment the arguments he has already presented on these issues in his Reply Brief (Doc. 150).

how counsel performed deficiently. *See* Doc. 1 at 9-19 (Claim One, subclaims (a) –

(qq)). Two of these subclaims, specifically alleged that trial counsel were ineffective

in

> (v) . . . fail[ing] to make adequate or timely objections to the
> prosecutor's injection of prejudicial hearsay into . . . closing argument
> . . . and fail[ing] to object to improper and prejudicial comments and
> mischracaterization of evidence at closing argument at the guilt-
> innocence and sentencing phases of trial; [and]
>
> (w) . . . fail[ing] to adequately object to the prosecutor's use of
> impermissible inferences during closing argument . . . .

Doc. 1 at 14. In Respondent's Answer, he explained the exhaustion requirement for

habeas claims and asked that any unexhausted claims be considered defaulted. Doc.

28 at 8-9. Respondent did not, however, identify any of Mr. Rivera's claims as

unexhausted, although he alleged that several claims were non-cognizable or

procedurally defaulted. *See* Doc. 28 at 8-15. Respondent also unambiguously stated

that the entire ineffective assistance of counsel ("IAC") claim set forth in Claim One

was properly before the Court for merits review. *Id.* at 15-20. Respondent itemized

each of the subclaims set forth in the Petition and asserted that the state habeas court

had properly rejected each of them on the merits.[2] *See id.* at 15-20. These included

the following:

---

[2] As reflected in Respondent's description of the prosecutorial-misconduct
IAC claims, Respondent's itemized list of IAC subclaims did not follow Mr.
Rivera's exactly, as Respondent broke some of Mr. Rivera's subclaims into separate

2

w) trial counsel failed to make adequate or timely objections to the prosecutor's injection of prejudicial hearsay into cross-examination questions and in closing argument, including testimony procured in violation of the federal and Georgia constitutions;

x) trial counsel failed to object to improper and prejudicial comments and mischaracterizations of evidence at closing argument at both phases of the trial;

y) trial counsel failed to adequately object to the prosecutor's use of impermissible inferences during closing argument and failed to adequately argue any motion for a mistrial . . . .

Doc. 28 at 18 (subclaims v and w in Petition, Doc. 1 at 14).

Mr. Rivera filed an amended habeas petition on October 20, 2014, again itemizing 43 separate IAC subclaims. Doc. 41 at 9-20. Again Respondent filed an answer expressly stating that the entire IAC claim was properly before the Court, again listing all of the subclaims (including the prosecutorial-misconduct IAC subclaims[3]), and asserting that all of the itemized IAC subclaims had been properly

---

subclaims and grouped others together. Respondent's reconfiguration of the claims ended up with two additional subclaims, although, in substance, there are no material differences between the claims Mr. Rivera raised and those Respondent agreed were properly presented to the Court for merits review.

[3] Respondent expressly listed the following IAC subclaims as properly before the Court for merits review:

w) trial counsel failed to make adequate or timely objections to the prosecutor's injection of prejudicial hearsay into cross-examination questions and in closing argument, including testimony procured in violation of the federal and Georgia constitutions;

rejected on the merits by the state habeas court. *See* Doc. 42 at 16-21. Unlike the answer to the original habeas petition, Respondent also identified one claim as unexhausted and thus unreviewable. *Id.* at 9 ("Respondent asserts that the following claim has not been raised in the state courts and is, therefore, unexhausted: In **Claim Six** of the instant petition, Petitioner alleges cumulative error."). Respondent additionally urged that certain other claims were either non-cognizable or procedurally defaulted. *Id.* at 10-15.

28 U.S.C. § 2254(b)(3) provides that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Here, Respondent, through counsel, expressly waived the exhaustion defense as to Mr. Rivera's IAC claim through his answers to the original and amended habeas petitions. Respondent's answers specifically explained the law governing the exhaustion of habeas claims, asserted that one specific claim was unexhausted, and

---

x) trial counsel failed to object to improper and prejudicial comments and mischaracterizations of evidence at closing argument at both phases of the trial;

y) trial counsel failed to adequately object to the prosecutor's use of impermissible inferences during closing argument and failed to adequately argue any motion for a mistrial . . . .

Doc. 42 at 18-19.

expressly identified the entire IAC claim as properly before the Court for merits review. Respondent's answers thus clearly and unambiguously indicated that it was waiving any exhaustion defense as to the IAC claim Mr. Rivera had raised. *See, e.g.*, *Dorsey v. Chapman*, 262 F.3d 1181, 1187 (11th Cir. 2001) (holding that "the state's explicit waiver of this defense" was shown "in its answer to [the habeas] petition, expressly declin[ing] to raise [the exhaustion] defense"); *Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F3d 964, 967 (11th Cir. 2016) (district court erred in *sua sponte* finding claim unexhausted where state had conceded the claim was exhausted and could not later contend that its concession "was an inadvertent mistake of fact and . . . not intended to expressly waive the exhaustion requirement"); *Kimbrough v. Fla. Dep't of Corr.*, 809 Fed. Appx. 684, 688, 691 n.4 (11th Cir. 2020) (state waived exhaustion where its response to the petition conceded claims were exhausted in a section addressing exhaustion and argued in the "merits" section that the state court properly denied the claim).[4] Indeed, in at least two other capital habeas cases

─────────────────

[4] *See also, e.g.*, *Eichwedel v. Chandler*, 696 F.3d 660, 671 (7th Cir. 2012) ("[A] State expressly waives exhaustion . . . where . . . it concedes clearly and expressly that the claim has been exhausted, regardless of whether that concession is correct."); *Sharrieff v. Cathel*, 574 F.3d 225, 229 (3d Cir. 2009) (holding that where a state "clearly, explicitly, and unambiguously relinquished and abandoned its right to assert the nonexhaustion defense" with respect to a claim, "[t]he fact that the State based its concession on a flawed legal conclusion is of no consequence"); *Carty v. Thaler*, 583 F.3d 244, 256 (5th Cir. 2009) (noting that while "AEDPA requires an express waiver, it 'does not require "magic words" in order for a state to expressly waive exhaustion" and that the state's answer, in which it identified only

litigated in this District, the Court found that Respondent had expressly waived the exhaustion defense on identical facts. *See Williams v. Warden*, No. 4:12-CV-00106 (S.D. Ga. Apr. 3, 2019) ("Respondent, in its answer to Petitioner's petition, waived any argument that Petitioner's ineffective assistance of counsel claims were not properly exhausted in the state court" by stating that "all of Petitioner's ineffective assistance of counsel claims were properly before the court and 'properly rejected on their merits by the state habeas court.'"); *Lee v. Warden*, No. 5:10-cv-00017 (S.D. Ga. Sept. 19, 2017), Doc. 98 at 5-6 n.3 (state waived its exhaustion argument by "classify[ing] as 'reviewable' . . . issues it now claims are unexhausted").

Respondent cannot now take back his waiver. *See, e.g.*, *Dorsey*, 262 F.3 at 1187 (state could not resurrect exhaustion defense after expressly declining to raise it in district court, even if its earlier declination was based on a mistaken belief); *Pike v. Guarino*, 492 F.3d 61, 72-73 (1st Cir. 2007) ("The fact that the Commonwealth came to regret its waiver is not a sufficient reason to allow rescission of the

───────────────

one claim as unexhausted" and noted that the remainder appeared to be exhausted, indicated that it had expressly waived exhaustion as to those other claims) (quoting *D'Ambrosia v. Bagley*, 527 F.3d 489, 497 (6th Cir. 2008)); *D'Ambrosia*, 527 F. 3d at 497 (finding express waiver where state did not counter district court's observation that the state had waived exhaustion and noting that "[i]t is no answer to say that the warden did not expressly waive exhaustion because the warden did not verbally state that she was waiving the requirement," as "[t]he touchstone for determining whether a waiver is express is the clarity of the intent to waive," and not "magic words").

waiver.") (citing *Dorsey*, 262 F.3d at 1187, and *Bledsue* v. *Johnson*, 188 F.3d 250, 254 (5th Cir. 1999)). Moreover, this Court "may not 'override a State's deliberate waiver' of § 2254 Rule 5(b) defenses," such as exhaustion. *Burgess v. United States*, 874 F.3d 1292, 1298 (11th Cir. 2017) (quoting *Wood v. Milyard*, 566 U.S. 463, 464 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 202 (2006)); *Day*, 547 U.S. at 202 ("[W]e would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense.").

Having expressly waived the exhaustion defense as to the entire IAC claim Mr. Rivera presented in his amended petition, Respondent's later argument in its brief in opposition, that Mr. Rivera did not exhaust the IAC subclaim regarding counsel's failure to object to improper prosecutorial argument, must be rejected.

## II.   Even assuming Respondent did not waive the exhaustion defense, the merits of the prosecutorial-misconduct IAC subclaims are properly before the Court.

Mr. Rivera exhausted these claims in state court, contrary to Respondent's arguments. Specifically, Respondent contends in his brief in opposition that Mr. Rivera failed to exhaust the prosecutorial-misconduct IAC subclaims because they were "not raised in state court" and his "general alleg[ations] that trial counsel failed to object to instances of prosecutorial misconduct . . . did not cite to any portion of the record, nor did Rivera later brief this issue following the state habeas evidentiary hearing." Doc. 145 at 226. Respondent further argued that Mr. Rivera did not "raise

his claim in his CPC [Certificate of Probable Cause] application to the Georgia Supreme Court." *Id.* at 226-27. Even if Respondent has not waived the exhaustion defense, his arguments are without merit.

### A.   Mr. Rivera adequately pled the prosecutorial-misconduct IAC subclaims.

Mr. Rivera alleged in his amended state habeas petition that trial counsel were ineffective in failing to object to "the prosecutor's injection of prejudicial hearsay into . . . closing argument," "improper and prejudicial comments and mischaracterization of evidence at closing argument at the guilt-innocence and sentencing phases of trial," and "the prosecutor's use of impermissible inferences during closing argument . . . ." *See* Doc. 31-4 at 8. Respondent raised no argument that this articulation was inadequate to put the State on notice of the claim and, in fact, responded that the claim was properly before the state habeas court for merits review. *See* Doc. 31-7:16-17. The pleading was fully consistent with Georgia law, which recognizes that "the writ of habeas corpus is a writ of right which ought not be circumscribed by technical rules of pleading and procedure" and that "the notice pleading prescribed by the [Civil Practices Act] is appropriate." *Mitchell v. Forrester*, 278 S.E.2d 368, 369 (Ga. 1981). The prosecutorial-misconduct IAC subclaims identified counsel's specific deficiencies (failing to object to the prosecutor's misconduct) and the portion of the trial in which they failed to act in

accordance with their professional duties (closing arguments). The subclaims were adequately raised in state habeas proceedings.

**B.    Georgia law did not require Mr. Rivera to brief the issue but, even if it somehow did, Mr. Rivera can show cause and prejudice for defaulting the prosecutorial-misconduct IAC subclaims.**

The prosecutorial-misconduct IAC subclaims were not unexhausted because Mr. Rivera did not brief their merits in post-hearing briefing following the state court evidentiary hearing. Post-hearing briefing is not even required by Georgia's habeas corpus rules. *See, e.g.*, *Danforth v. Chapman*, 771 S.E.2d 886, 887 (Ga. 2015) (finding meritless Warden's complaint "that the habeas court denied its request to submit a post-hearing brief," noting that the Warden "failed to set forth any authority that requires the habeas court to allow the filing of post-hearing briefs."). Nor did the state habeas court ever suggest that Mr. Rivera's prosecutorial-misconduct IAC subclaim was not properly before it. Instead, the court, in a decision drafted entirely by Respondent, stated that it had considered "all of Petitioner's allegations made in the habeas corpus petition and at the habeas corpus hearing and all the evidence and argument presented to this Court" and determined "that Petitioner has failed to carry his burden of proof in demonstrating any denial of his constitutional rights as set forth above." Doc. 37-16 at 86. That catch-all denial of relief included the prosecutorial-misconduct IAC subclaims.

However, should this Court conclude that Mr. Rivera's failure to address these subclaims in his post-hearing brief renders them unexhausted and procedurally defaulted, Mr. Rivera should be given the chance to show that his attorney's ineffective representation in state habeas proceedings provides cause to excuse their default and asks the Court to schedule an evidentiary hearing to prove this.

The Supreme Court has held that, in a state that requires claims of ineffective assistance of trial counsel ("IATC") to be brought in collateral proceedings, state habeas counsel's deficient performance may excuse the default of a substantial IATC claim. *Martinez* v. *Ryan*, 566 U.S. 1, 17 (2012). In *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), the Court extended *Martinez* to circumstances "where . . . [a] state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Although this Court previously ruled, in a different context, that *Martinez* does not apply to federal habeas cases attacking Georgia judgments, on the ground that Georgia does not forbid criminal defendants from litigating IATC claims on direct appeal, *see* Doc. 96 at 19-24, Mr. Rivera submits that this determination is based on an inaccurate understanding of Georgia law and respectfully asks the Court to reconsider this ruling.

10

Georgia law requires criminal defendants to raise IATC claims at the earliest opportunity, including, at times, at the motion for new trial stage and/or direct appeal, but this is permitted *only* when the defendant is not still represented by trial counsel because trial counsel may not ethically challenge their own representation. *See, e.g.*, *Ford v. Tate*, 835 S.E.2d 198, 233 n.26 (Ga. 2019); *Williams v. Moody*, 697 S.E. 2d 199, 201-02 (Ga. 2010); *Garland v. State*, 657 S.E. 2d 842, 845 (Ga. 2008). "Because a lawyer may not ethically present a claim that he/she provided a client with ineffective assistance of counsel . . ., a claim of ineffective assistance of trial counsel *cannot be pursued* unless trial counsel is no longer representing the convicted defendant." *Hood v. State*, 651 S.E.2d 88, 89 (Ga. 2007) (emphasis added). Nor may a criminal defendant who is represented by counsel challenge his trial attorney's representation *pro se*. *See, e.g.*, *Emmons v. Bryant*, 864 S.E.2d 1, 9 (Ga. 2021) (defendant's "pro se filings asserting that [trial counsel] Wyatt rendered ineffective assistance, submitted while Bryant was still represented by Wyatt, *were '"unauthorized and without effect."'"*) (emphasis added) (quoting *Williams v. Moody*, 697 S.E. 2d 199, 203 (Ga. 2010)).

At the same time that Georgia jurisprudence forbids trial counsel from raising their own ineffectiveness on appeal, Georgia's statutory law requires that counsel appointed to represent indigent criminal defendants at trial *shall remain on the case* through the direct appeal. *See* O.C.G.A. § 17-12-12(d) (providing that, in a capital

case, counsel's appointment "shall include all proceedings in the trial court *and any appeals* to the Supreme Court of Georgia) (emphasis added); O.C.G.A. § 17-12-23(a) (providing *inter alia* that the circuit public defender shall provide representation in criminal cases prosecuted in the superior court and any direct appeal from that proceeding). Thus, Georgia law, "by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 569 U.S. at 429.

That is precisely what happened here. Lead trial counsel Peter Johnson continued to represent Mr. Rivera on direct appeal. *See* Doc. 1 at 9-10 (notice of appeal); Doc. 30-15 (direct appeal brief). Mr. Rivera, a lay person with serious, untreated mental illness, was not required to figure out how his attorneys may have performed inadequately. *See, e.g.*, *Garland v. State*, 283 Ga. 201, 204 (2008) (defendant asserting ineffective assistance claim *pro se* not required to establish its merits in order to be appointed new counsel; such a requirement would "compel [an indigent defendant] on his own 'to examine the record, research the law and marshal the arguments' to meet the threshold despite our acknowledgement 'that they cannot do these very things for themselves'") (quoting *Reid v. State*, 235 Ga. 378, 381 (1975)). Nor, even assuming he had the ability to assess the adequacy of counsel's representation, could Mr. Rivera have presented such a claim while he remained

represented by trial counsel. *See, e.g.*, *Bryant*, 864 S.E.2d at 9. Given these circumstances, *Martinez* properly applies to cases like Mr. Rivera's, where trial counsel's role as appellate counsel prohibited any IATC claim from being raised on direct review.

Assuming state habeas counsel's failure to brief the prosecutorial-misconduct IAC subclaim rendered the claim unexhausted and procedurally defaulted, state habeas counsel were deficient in failing to adequately preserve a substantial IATC claim. Under *Martinez*, that failure provides cause to excuse the default, and Mr. Rivera requests the opportunity to prove state habeas counsel's ineffectiveness at an evidentiary hearing.

Mr. Rivera expressly stated in the state court post-hearing brief that he "d[id] not abandon any of the claims or arguments previously made which are not herein addressed and incorporates by this reference all of the claims raised in his Petition and Amended Petition, in all motions and pleadings he has filed, and in the evidentiary hearing." Doc. 37-8 at 7-8. State habeas counsel thus clearly intended to preserve all of the claims raised in Mr. Rivera's amended habeas petition, including the prosecutorial-misconduct IAC subclaims. If those efforts were insufficient under Georgia law, then counsel's failure to comply with briefing requirements was deficient performance. *See, e.g.*, *Davis v. Sec'y for the Dep't of Corr.*, 341 F.3d 1310, 1314 (11th Cir. 2003) (counsel provided ineffective representation in failing to

follow state procedures for preserving claim of racial discrimination in jury selection); *see also, e.g.*, *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*.").

*Martinez* additionally requires the petitioner to "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. Although "[n]either *Martinez* nor *Trevino* elaborated on or applied this standard," the Eleventh Circuit has held that the Court "intended that lower courts apply the already-developed standard for issuing a COA, which requires 'a substantial showing of the denial of a constitutional right.'" *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269 (11th Cir. 2014). This standard, "is similar to the preliminary review conducted by district courts in § 2254 proceedings" under Habeas Rule 4, which directs courts to dismiss a petition "'[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at 1270.

Here, Mr. Rivera's prosecutorial-misconduct IAC subclaims clearly meet this standard. As detailed more fully below, *see* Section III, courts have found that counsel's failure to object to improper closing argument may amount to ineffective

representation and that prosecutorial arguments like those made in Mr. Rivera's case were egregious and prejudicial. *See, e.g.*, *Baer v. Neal*, 879 F.3d 769, 781 (7th Cir. 2018) (granting sentencing relief on the ground counsel "deficiently failed to challenge" a "pattern of prosecutorial misbehavior" that "invited doubt into the reliability of Baer's penalty phase trial"); *see also Jimenez v. Fla. Dep't of Corr.*, No. 14-13932, 2015 U.S. App. LEXIS 9087, at *25-27 (11th Cir. Feb. 2, 2015) (granting COA to address whether state habeas counsel's default of IAC claim that trial counsel failed to object to prosecutor's improper closing argument, including an impermissible message-to-the-community argument in favor of the death penalty, was excused under *Martinez*).

### C.   Mr. Rivera's failure to brief the prosecutorial-misconduct IAC subclaims in his application for a certificate of probable cause to appeal does not preclude merits review.

Mr. Rivera previously argued that he fully exhausted these IAC subclaims by incorporating in his CPC application to the Georgia Supreme Court "all claims raised in his Petition and Amended Petition, in all motions and pleadings he has filed, in the evidentiary hearing, and in subsequent briefing before the state habeas court . . . ." Doc. 37-21:4 n.3.[5] However, should this Court conclude that state law required

---

[5] As Mr. Rivera has previously argued, *see* Doc. 150 at 52-56, Respondent's contention that state law required him to brief each and every claim in the CPC application is based on a misapplication of Georgia Supreme Court Rule 22. *See*

him to brief each claim in his CPC application, then Mr. Rivera can show, pursuant to *Martinez*, that state habeas counsel provided ineffective representation in failing to adequately preserve the prosecutorial-misconduct IAC claims.

As noted, Mr. Rivera's amended state habeas petition alleged that trial counsel were ineffective for not objecting to "the prosecutor's injection of prejudicial hearsay into . . . closing argument," "improper and prejudicial comments and

──────────────────────

Doc. 150 at 52-56. In a nutshell, Mr. Rivera explained that Respondent was mistaken in arguing that Rule 22's briefing requirements apply to CPC applications, required by O.C.G.A. § 9-14-52(b), when a losing petitioner seeks appellate review.

In support of that argument, Mr. Rivera would like to point out that upcoming amendments to the Georgia Supreme Court Rules, which take effect on January 1, 2024, support Mr. Rivera's argument. In particular, Rule 36, which is the sole rule addressed to CPC applications, currently provides only that "[a] certificate of probable cause to appeal a final judgment in a habeas corpus case involving a criminal conviction will be issued where there is arguable merit, provided there has been compliance with OCGA § 9-14-52(b). *See Fullwood v. Silvey*, 271 Ga. 248 (517 S.E.2d 511) (1999)." Ga. Sup. Ct. Rule 36. As amended, in relevant part, the new Rule 36 adds specific requirements for CPC applications, in addition to the standard for granting one, and specifically directs that a CPC application "must identify separately and concisely each alleged ground for relief from the challenged conviction or sentence and must state the facts that support each ground, and have attached a stamped copy of the habeas court's order to be appealed, showing the date of filing."

The upcoming amendment underscores that, at the time Mr. Rivera filed his CPC application, he was not required to brief each and every claim. *See, e.g.*, *Hamon v. Connell*, 883 S.E.2d 785, 789 (Ga. 2023) (observing that "when [the] General Assembly amends a statute to add new text, 'we must presume that the legislative addition of language to the statute was intended to make some change in the existing law'") (quoting *Wausau Ins. Co. v. McLeroy*, 471 S.E.2d 504, 506 (Ga. 1996)).

mischaracterization of evidence at closing argument at the guilt-innocence and sentencing phases of trial," and "the prosecutor's use of impermissible inferences during closing argument . . . ." *See* Doc. 31-4 at 8. And state habeas counsel clearly intended to raise these IATC subclaims in his CPC application. The CPC application expressly states that Mr. Rivera was "not abandon[ing] any of the claims he has previously made in his petition as amended . . .  and incorporates by this reference all of the claims raised in his Petition and Amended Petition . . . before the state habeas court." Doc. 37-21 at 4 n.3. If this Court finds that this footnote was not sufficient under state law to preserve the IATC subclaims for federal habeas review, trial counsel's failure to adequately present the issues was deficient. *See, e.g.*, *Davis*, 341 F.3d 1310 at 1314; *see also, e.g.*, *Hinton*, 571 U.S. at 274. And, as discussed below, the prosecutorial-misconduct IAC subclaims satisfy *Martinez*'s substantiality requirement.

### III.   Counsel was ineffective in failing to object to the prosecutor's improper argument in both phases of trial.

The trial court advised defense counsel that any objections to the prosecutor's closing argument would be waived "if not raised as soon as grounds for the objection arises." Doc. 30-4 at 119. Yet, while the prosecutor made numerous improper remarks in summation in both phases of trial, counsel objected only once, when the prosecutor argued at sentencing that Mr. Rivera might attack a jail nurse if he were

not sentenced to death. *See* Doc. 30-7 at 13-15. Counsel's inaction as to the other instances of improper argument was deficient and prejudiced Mr. Rivera.

"It is the duty of the defendant's counsel at once to call the attention of the court to the objectionable remarks, and request its interposition, and, in case of refusal, to note an exception." *Crumpton v. United States*, 138 U.S. 361, 364 (1891) (citing Thomp. on Trials, § 962). "When improper argument is made to the jury, opposing counsel has a duty to act by interposing an objection. . . . Failure to object amounts to a waiver." *Gerdine v. State*, 222 S.E.2d 128, 130 (Ga. App. 1975) (citations omitted). Trial counsel's failure to object to a prosecutor's improper argument may accordingly amount to deficient performance. *See, e.g.*, *Mason v. State*, 548 S.E.2d 298, 301 (Ga. 2001) (in a noncapital case, "[t]he prosecutor's statement to the jury raising the specter of appellant's future dangerousness was improper . . . and trial counsel's failure to object constitutes deficient performance"). It was in this case.

The prosecutor "is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. . . . [W]hile he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88 (1935). Time and again, Mr. Rivera's prosecutor

ignored these principles, peppering his summations at guilt and sentencing with comments that distorted the record or were simply made up, and that impermissibly stoked the jurors' passions. Unchecked by any objection, the prosecutor's improper arguments prejudiced Mr. Rivera's rights to a fair trial in both phases of trial.

### A. The prosecutor's improper guilt-phase arguments rendered the guilt phase fundamentally unfair and prejudiced Mr. Rivera at sentencing.

The prosecutor's culpability-phase argument relied on innuendo and outright falsehoods that impermissibly and prejudicially misused the similar transaction evidence the State was allowed to introduce in the culpability phase of trial. The prosecutor had successfully argued that Mr. Rivera's "modus operandi" of chatting with women and getting them occasionally to let him accompany them to model underwear justified the admission of similar transaction evidence, including the assault and murder of Tiffaney Wilson, in order to prove that Mr. Rivera had committed the crimes charged in the indictment (against Sgt. Glista, Chrisilee Barton, and Tabitha Bosdell). Yet during sentencing summation, the prosecutor argued against that theory, contending instead that Mr. Rivera had lied when he said that Sgt. Glista and Ms. Wilson had willingly accompanied him and that the women instead had been attacked "by a psychopath" out of the blue. *See* Doc. 30-4 at 182, 186. *See generally* Doc. 142 at 190-94. Indeed, the prosecutor, in argument, turned the basis for admission of similar transaction evidence on its head, falsely

contending that evidence showed that Sgt. Glista had been surprised by Mr. Rivera in her home and that this established that Mr. Rivera had assaulted Ms. Wilson when she approached him for help with her vehicle. *See* Doc. 30-4 at 182 (prosecutor contending that "when you realize what happened at Marni Glista's house, you will realize that this woman, Tiffan[e]y Wilson, was not likely, after having given birth two months before, to accommodate this monster in his desire to have her to model for him."). The prosecutor's speculative argument was not based on facts in evidence and was an improper manipulation of the evidence.

"[A] prosecutor may not make intentional misrepresentations to the jury." *Davis v. Zant*, 36 F.3d 1538, 1549 (11th Cir. 1994) (prosecutor's argument violated due process when he "spun out before the jury his extended argument that the crux of the defense case had been 'thought up' at the last minute after the prosecution closed its evidence," thereby "attempting to subject the jury to the influence of clearly false information, and information clearly known to the prosecutor at the time to have been false," misrepresentations intended "to undermine the [defendant's credibility" on which "the whole defense hinged"). Counsel's failure to object to such argument here was deficient and prejudicial.

Counsel also did not object when the prosecutor invoked community sentiment as a basis for convicting Mr. Rivera on all counts, telling jurors that "[t]he verdict is strong as to how the people of this community feel about mutilating and

raping and sodomizing and killing the young women of this community." Doc. 30-4 at 196. The community's expectations were irrelevant to the jury's decision and it was improper for the prosecutor to urge this as grounds for a conviction. *See, e.g.*, *Whittington v. Estelle*, 704 F.2d 1418, 1423 (5th Cir. 1983) (argument that "the wishes of the community mandated a particular result . . . would inject a new and harmful fact into evidence"); *United States v. Solivan*, 937 F.2d 1146, 1153 (6th Cir. 1991) ("A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence.") (quoting *United States v. Monaghan*, 741 F.2d 1434, 1441 (D.C. Cir. 1984)). (The prosecutor's guilt-phase remarks about community expectations were a preview to his much more inflammatory arguments at sentencing.)

Nor did counsel object when the prosecutor stated incorrectly that Mr. Rivera bore the burden of showing that he was guilty but mentally ill, when it was in fact the State's burden to prove that he was not. *See* Doc. 30-4 at 161, 188. "Of course, it is improper for a prosecutor to mislead or misrepresent the law to the jury, including the meaning of a verdict." *Spivey v. Head*, 207 F.3d 1263, 1277 (11th Cir. 2000). In *Baer v. Neal*, 879 F.3d 769, 782 (7th Cir. 2018), the court found that trial counsel was ineffective in failing to object to prosecutorial misconduct, including

21

the prosecutor's conflation of the standard establishing the insanity defense and the defense of guilty but mentally ill. The court held that counsel's decision not to object could not be considered "strategic" "where the prosecutor was never discredited and defense counsel's failure to object conceded to the prosecutor's confusing and prejudicial remarks, which put [the] client's life at risk." *Id.*

These improper arguments, aggravating the nature of the crime, whipping up the jury's passions on the basis of community sentiment, and misleading the jury about the law, prejudiced Mr. Rivera at both phases of trial. Without the prosecutor's misleading, inaccurate arguments, there is a reasonable probability that the jury would have returned a GBMI verdict in the culpability phase, *see, e.g.*, *Martin v. Barrett*, 619 S.E.2d 656, 658 (Ga. 2005), and a reasonable probability the jury would have voted for life in the penalty phase because a GBMI verdict makes a life sentence more likely, *see, e.g.*, *Stevens v. McBride*, 489 F.3d 883, 893 (7th Cir. 2007).

### B.   The prosecutor's inflammatory closing argument at sentencing violated Due Process.

The prosecutor's sentencing summation was replete with improper commentary, which violated a host of well-established limitations on prosecutorial argument, in an effort to inflame the passions of the jury and to secure a death sentence. As detailed in Mr. Rivera's corrected merits brief, *see* Doc. 142 at 195-200, the prosecutor improperly argued that the jury should impose the death penalty

on behalf of the community; incorrectly told jurors that they would not be responsible for sentencing Mr. Rivera to death, though, if they did not, they would be responsible for his future victims; and likened the jurors to soldiers at war. Doc. 30-7 at 8-9, 11-13, 21. This was flagrant misconduct that went unchecked by either trial counsel or the court. *See, e.g.*, *Viereck v. United States*, 318 U.S. 236, 247 (1943) (noting that prosecutor's argument that the American people were relying on the jury to do its wartime duty in convicting the defendant was so improper "the trial judge should have stopped counsel's discourse without waiting for an objection"); *United States v. Runyon*, 707 F.3d 475, 514-15 (4th Cir. 2013) (disapproving "the prosecution's encouraging the jury to 'send a message to the community, send a message with your verdict'"); *Sinisterra v. United States*, 600 F.3d 900, 910 (8th Cir. 2010) (holding that urging "the jury to send a message with its verdict" is improper because it "impinge[s] upon the jury's duty to make an individualized determination that death is the appropriate punishment for the defendant"); *Bates v. Bell*, 402 F.3d 635, 644, 648 (6th Cir. 2005) (granting sentencing relief where *inter alia* the prosecutors "appealed to the fears of individual jurors and to emotion" by "repeatedly argu[ing] that the jurors would be responsible for the murders that Bates would inevitably commit unless sentenced to death" and "suggest[ing] that failing to support the death penalty for Bates would make them 'accomplices' to his crime and to future crimes," arguments that "clearly poisoned the hearing"); *see also*

*Walker v. State*, 862 S.E. 2d 285, 294 (Ga. 2021) (although prosecutor's argument that jurors would violate their oaths by acquitting the defendant "comes uncomfortably close to—and may well cross over – the boundaries of permissible argument," in light of the evidence court could not say that counsel's failure to object was prejudicial).

Trial counsel provided ineffective representation in failing to protect Mr. Rivera's right to a fair trial untainted by the prosecutor's inflammatory rhetoric. Had counsel objected and curative action been taken, there is a reasonable likelihood that one or more jurors would have voted for a sentence less than death.

While counsel's deficiencies in acquiescing to the prosecutor's inflammatory and improper arguments were prejudicial in their own right, *Strickland* further demands that prejudice from all of trial counsel's deficiencies be considered cumulatively. *See, e.g.*, *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th Cir. 1025, 1055 (11th Cir. 2022), *cert. denied*, No. 23-31, 2023 U.S. LEXIS 4368 (U.S. Oct. 30, 2023) ("Even if the state court's prejudice determination as to each ground of allegedly deficient performance was reasonable, we must still decide whether its conclusion as to the cumulative prejudice, constituted an unreasonable application of *Strickland*.") (citing *Strickland v. Washington*, 466 U.S. 668, 694-96; *United States v. Blakey*, 14 F.3d 1557, 1561 (11th Cir. 1994)). In light of counsel's profoundly deficient performance in Mr. Rivera's case, *see* Doc. 142 at 112-210, it

was not reasonable for the state habeas court to conclude that the there was no reasonable likelihood that at least one juror would have voted against imposing the death penalty had counsel not committed the errors Mr. Rivera has identified.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Mr. Rivera's opening and reply briefs, Mr. Rivera respectfully requests that the Court grant the writ of habeas corpus. He further requests, in the event relief is not granted outright, that the Court conduct oral argument on the issues presented herein. Should the Court not grant relief outright, Mr. Rivera respectfully requests that it grant an evidentiary hearing to address cause and prejudice as to any claims the Court finds procedurally defaulted and to hear evidence regarding the state habeas court's rulings.

Dated this 8th day of December, 2023.

Respectfully submitted,

Marcia A. Widder (Ga. 643407)
Georgia Resource Center
104 Marietta Street NW, Suite 260
Atlanta, Georgia 30303
Telephone: (404) 222-9202
Fax: (404) 301-3315
Email: grc@garesource.org
grc@garesource.org

COUNSEL FOR PETITIONER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

REINALDO JAVIER RIVERA,            )
     Petitioner,                          )
                                                   )
vs.                                                     )          Case No. 1:13-CV-161
                                                   )
GDCP WARDEN,                             )          **CAPITAL CASE**
     Respondent.                        )

## <u>NOTICE OF ELECTRONIC FILING</u>

     This is to certify that on December 8, 2023, I electronically filed the foregoing

with the Clerk of the Court using the CM/EMF system which will send notification

of such filing to the following:

     Sabrina Graham, Esq.
     Senior Assistant Attorney General
     sgraham@law.ga.gov


                       _Marcia A. Widder_
                       Marcia A. Widder (Ga. 643407)