**EXHIBIT A**

**IN THE SUPERIOR COURT OF BUTTS COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| DE'KELVIN RAFAEL MARTIN,<br>        Petitioner, | HABEAS ACTION NO.:<br>2017-SU-HC-0009 |
| v. | EVIDENTIARY HEARING |
| SHAWN EMMONS, Warden,<br>        Respondent. | **Volume II of XX**<br>**Day 2 of 3, January 31, 2024** |

A Complete Transcript of Proceedings Held in Butts County Superior Court
In Open Court before **Honorable F. Gates Peed**
Beginning at 11:01 a.m. on January 30, 2024

**APPEARANCES:**

FOR THE PETITIONER ................................................ Mr. John C. Toro
Mr. J. Andrew Pratt
Mr. Elijah T. Staggers
King & Spalding
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA  30309

Ms. Anna M. Arceneaux
Georgia Resource Center
104 Marietta Street
Atlanta, Ga  30303

FOR THE RESPONDENT ............................................. Ms. Sabrina D. Graham
Ms. Stephany Luttrell
Georgia Department of Law
40 Capitol Square, SW
Atlanta, GA  30334

*JULIE A. WILLARD, CCR #B-2421*
*Julie A. Willard & Associates*
*P.O. Box 215*
*McDonough, Georgia  30253*
*404-867-5269*
*julieawillard@gmail.com*

1      upon Mr. West's testimony that he didn't recognize some of
2      the documents he was given.
3             THE COURT:  All right.
4             So five witnesses --
5             MS. GRAHAM:  Yes, Your Honor.
6             THE COURT:  At the most, right?
7             MR. TORO:  Correct.
8             THE COURT:  All right.
9             Now, realistically, how long would you expect
10     Tyehimba?
11            MS. ARCENEAUX:  Okay.  Probably an hour total.
12            THE COURT:  Total?
13            MS. ARCENEAUX:  Well, I don't like to speak for cross
14     but it'll be short on our side.
15            MS. LUTTRELL:  I would say about 30 minutes on our
16     side, Your Honor.
17            THE COURT:  Okay.
18            Abernathy?
19            MS. ARCENEAUX:  She'll be longer, maybe similar to
20     Ms. Baldwin, from our side, about an hour.
21            THE COURT:  Okay.  So that's --
22            MS. LUTTRELL:  About 30 minutes on our side.
23            THE COURT:  Okay.  So an hour and a half basically.
24            Richards?
25            MS. GRAHAM:  I'd say an hour and a half for our

```
 1        direct, Your Honor, probably at most.
 2             MR. TORO:  I would say an hour for the cross.
 3             THE COURT:  So that's two and a half.
 4             Somebody from the DA's office?
 5             MS. GRAHAM:  Maybe 20 minutes there, Your Honor.
 6             MR. TORO:  Short.
 7             THE COURT:  Okay.  30 minutes total.
 8             Stone?
 9             MR. TORO:  That'll be short as well, maybe 15 --
10             THE COURT:  Half hour?
11             MR. TORO:  -- to 30, yeah.
12             THE COURT:  Half hour total probably?
13             MS. GRAHAM:  Yeah.  Yes, Your Honor.
14             THE COURT:  All right.
15             So that's three and a half plus two and a half.
16        That's six hours.  So that's a day, right?
17             All right.  Now, so the next is Abernathy is a wild
18        card.  Has anybody just got have her live?
19             MR. TORO:  I think we would like to call her live,
20        Your Honor.
21             THE COURT:  Okay.
22             MR. TORO:  Again, I don't think it'll be a super long
23        testimony but we would like to have her live.
24             THE COURT:  You think that me seeing her in person is
25        going to make a big difference?
```

1       MR. TORO:  We would like the Court to observe her

2   testimony, yes.

3       THE COURT:  Well, what about a video deposition?

4       MR. TORO:  Well, I think we could discuss that.  In

5   an ideal world, we would call her live and she would be

6   available.  And I think we do need to talk to her and see

7   what her status is.

8       But if we can't -- if that's, you know, not feasible

9   anytime in the near term, then I think we could certainly

10  revert to a backup plan like that.

11      THE COURT:  I mean, if we -- what about this:  Let's

12  see.  March 15, that's a month and a half out.

13      MS. GRAHAM:  Would it be better by Zoom?

14      MR. TORO:  I think that's what the judge just asked.

15      THE COURT:  No.

16      MS. GRAHAM:  Oh, no.  I thought he --

17  Oh, you don't like Zoom.

18      THE COURT:  No.

19      MS. GRAHAM:  But he said "video deposition."

20      THE COURT:  I'm not doing it Webex; I'm not doing it

21  Zoom.

22      THE COURT:  There's always problems, always problems.

23  I tried to do a plea by Zoom not too long ago, Alex

24  Murdaugh's nephew, and it took me an hour and a half and

25  still did not get a connection.  And Webex is the

1      only -- he was actually in Colton County Jail and that's

2      the only thing that South Carolina uses.  And it's just a

3      wreck.

4          MS. GRAHAM:  There's just a whole family of criminals

5      there.

6          THE COURT:  Excuse me?

7          MS. GRAHAM:  There's just a whole family of criminals

8      there.

9          THE COURT:  In fact, his name was "Alex."  Strange.

10         Let's do this then -- hold on just a minute.

11         You're not getting anybody to respond.  All right.

12         Why y'all check and see when she thinks at this point

13      she might be able.  And she -- where is she at?

14         MS. ARCENEAUX:  She's in DeKalb County.

15         THE COURT:  DeKalb County.  So she'll be making a

16      trip here, too.  And if it's been a major surgery, six

17      weeks is not long.

18         MS. ARCENEAUX:  Even before surgery, she was going to

19      have to have someone drive her down here because of her

20      condition.  But we can check with her and --

21         THE COURT:  All right.

22         MS. ARCENEAUX:  -- and let you know.

23         THE COURT:  I'll communicate with another date.  And

24      why don't we set another date and, if that won't work for

25      her, agree to a video deposition, submit that.  That way,

1          you can get the benefit of both maybe and, that way, it

2          can be done in DeKalb County.

3               Okay.

4               MS. ARCENEAUX:  Your Honor, just to clarify, when you

5          say "video deposition," is that -- like, could she testify

6          on the screen and we're here in person and -- as we do all

7          the other witnesses or we're doing --

8               THE COURT:  I just said "video deposition."  I'm just

9          looking at the video.

10               MS. ARCENEAUX:  You would just watch it later, you're

11          saying?  Okay.

12               THE COURT:  Uh-huh *(affirmative)*.

13               Now, number next.  Are there any other outstanding

14          issues for today from the petitioner?

15               MR. TORO:  No, Your Honor.  Just to -- well, I don't

16          want to speak too soon.  But just to clarify, the hearing

17          is left open.  We have some stipulations about evidentiary

18          objections and petitioner would propose that all that just

19          be held in abeyance until the second session is closed.

20               THE COURT:  All right.

21               MR. PRATT:  And I would just note along those lines,

22          we talked to the State about the Stetler motion that was

23          filed and we -- instead of having that be the normal

24          30-day response period, we'll just treat that as with the

25          other evidentiary objections and it'll be 30 days after

```
 1          whatever we set for the final hearing date.
 2               THE COURT:  That's fine.
 3               Any objection to that?
 4               MS. GRAHAM:  No, Your Honor.
 5               THE COURT:  All right.
 6               Any other matters on behalf of the warden?
 7               MS. GRAHAM:  No.  Because we won't -- we can't do our
 8          post-hearing briefing scheduling because we don't have
 9          that.  So I think that's it, Your Honor.
10               THE COURT:  That's what's computing in my mind, is
11          we're a hundred days out after the transcript is
12          filed -- 60, 90, 10 -- and --
13               MS. GRAHAM:  Do you want proposed orders with those,
14          too?
15               THE COURT:  Please.
16               And 30 days for the transcript -- you tell
17          me -- after the last?
18               THE COURT REPORTER:  If I can go ahead and take the
19          exhibits and be scanning those, I can do it.
20               THE COURT:  Not a problem with that.
21               MS. GRAHAM:  No, Your Honor.
22               MR. TORO:  What was the question?  I'm sorry.
23               THE COURT REPORTER:  If I could ahead and take the
24          exhibits with me now --
25               MR. TORO:  Sure.
```

**EXHIBIT B**

IN THE SUPERIOR COURT OF BUTTS COUNTY

STATE OF GEORGIA

JOHN ANTHONY ESPOSITO,            )

GDC# 986823                       )

        Plaintiff,               )   Civil Action File No.

vs.                               )      2022-SU-HC-00003

ANTOINE CALDWELL, Warden,         )

        Defendants.              )


HABEAS CORPUS

ROBERT MACK, Presiding Judge

May 10, 2023

Butts County Courthouse

825 West Third Street

Jackson, Georgia

Susan M. Breedlove, CCR


APPEARANCES:

For the Plaintiff:                ANNA ARCENEAUX, Attorney

                                    MARCIA A. WIDDER, Attorney

                                    Georgia Resource Center

For the Defendant:                SABRINA GRAHAM, Attorney

                                    Office of Attorney General

1

1      Q    So you stated that the notary was a male? Is that

2   correct?

3      A    Yes. His name is LaVern Bentz I think.

4      Q    Okay. I was just making sure that LaVern was, in

5   fact, a male.

6      A    Yes. I was kind of taken by that, too, when I first

7   talked with him on the phone. But, it's a male.

8           MS. GRAHAM:  Okay. Thank you. Nothing further, Your

9       Honor.

10          MS. WIDDER:  Nothing further, Your Honor.

11          THE COURT:  Alright. You can come on down.

12          THE WITNESS:  Alright.

13          THE COURT:  Thank you, sir. Any other witnesses?

14          MS. ARCENEAUX:  So, Your Honor, that's the sum of

15      our witnesses who are available today. Sorry.

16          Your Honor, that's -- those are all the witnesses

17      that are available today. Kimberly Sharkey was unable to

18      attend the hearing today. Kaylee Brilhart is graduating

19      from Vanderbilt tomorrow and has some -- you know, is

20      engaged in, you know, law school graduation activities

21      and was unable to attend. There may be other witnesses

22      that we need --

23          THE COURT:  Do we have a court date?

24          THE CLERK: The one that you asked the last time was

25      July 14th.

117

1        THE COURT:  Alright, July 14th.

2        THE CLERK:  Because I believe the e-mail was the

3    week of July 10th was when everyone was available, but

4    we have criminal trials that week, along with grand jury

5    and things of that nature.

6        THE COURT:  That whole week?

7        THE CLERK:  The whole week.

8        THE COURT:  That's a Friday, though. You got to

9    work on a Friday?

10        THE CLERK:  Grand jury will be Monday and Tuesday

11    and hopefully our other trials will be done before

12    Friday.

13        MS. ARCENEAUX:  And the hearing doesn't need to be

14    here necessarily. We're happy to do it here, but the

15    reason we asked for it to be here was to accommodate Ms.

16    Harris.

17        THE COURT:  I just want to make sure she, -- you

18    don't have to be here, do you, with the grand jury and

19    everything going on?

20        THE CLERK:  No. But, on that Friday, I would be

21    able to go to the prison.

22        THE COURT:  So, you'll be at the prison that

23    Friday. What -- you have a conflict?

24        MS. GRAHAM:  I have -- the only conflict I have is

25    July 26th, Your Honor, I have something in another

                                                         118

1 circuit, but I think my question here is, given Ms.

2 Harris's testimony and Ms. Chmiel's testimony here, it's

3 pretty clear there hasn't been any kind of extraneous

4 influence. I'm not sure why we need any more witnesses

5 on this particular issue. Even if we assumed that they

6 can show cause here, there's been absolutely no

7 misconduct whatsoever for them to show prejudice.

8   MS. WIDDER:  Well, Your Honor, if that's a legal

9 question, that should be addressed for the record and

10 after we have had the opportunity to read the questions.

11   THE COURT:  Okay. I'm going to let them put all

12 their witnesses up, okay. And this is going to be

13 Kimberley Sharkey?

14   MS. WIDDER:  Kimberly Sharkey.

15   THE COURT:  Okay. So, we do -- we have an affidavit

16 from her, you know, but --

17   MS. WIDDER:  Well, I think it's an important point

18 that this did not come up in 2007 in that her

19 credibility is something you can only really assess by

20 seeing her in person.

21   And I also -- there have been other -- Kaylee

22 Brilhart, the legal intern that helped me, is not

23 available today because of graduation, but she said she

24 would be available throughout the summer and that's with

25 regard to --

119

1          THE COURT:  So, how many more witnesses --

2          MS. WIDDER:  -- (inaudible). That's always

3      possible.

4          THE COURT:  How many witnesses are you

5      anticipating?

6          MS. WIDDER:  What was that?

7          THE COURT:  How many more witnesses are you all

8      anticipating?

9          MS. ARCENEAUX:  I think at least those two and

10     perhaps, --

11         MS. WIDDER:  One or two more.

12         MS. ARCENEAUX:  -- one or two more given

13     developments today that we didn't expect, about the e-

14     mail address, and about the notary that we made. But, we

15     can do everything possible to make sure all of that is

16     taken care of on July 14th.

17         THE CLERK:  What time?

18         THE COURT:  What time did I say?

19         THE CLERK:  Well, we did this one at 1:00 and, you

20     know, I normally do it at 10:00 at the prison. So

21     really, it's up to you.

22         THE COURT:  Okay. 10:00.

23         THE CLERK:  10:00.

24         THE COURT:  10:00. And we need the witnesses'

25     names.

                                                           120

**EXHIBIT C**

## **Timeline of Relevant State Habeas Events**

11/7/08     Mr. Rivera files his initial state habeas petition. D.30-25.

9/2/09      During a motions hearing, the state habeas court raises the issue of scheduling the evidentiary hearing and Mr. Rivera's attorney advises that she will be on maternity leave and suggests a hearing date in May or June 2010. D.31-1:35-38.

12/10/09    Court writes to counsel proposing an evidentiary hearing in February 2010. D.57:8.

12/11/09    Mr. Rivera's attorney requests a hearing in late May or early June based on counsel's anticipated maternity leave. D.57:29.

12/14/09    The state habeas court suggests dates for the hearing of May 4, 5, 6, 20, 21, 25 & 26, 2010. D.57:31.

12/15/09    Mr. Rivera's counsel advises that dates between May 20 and May 26 would be acceptable, and asks the court to set aside three days for the hearing. D.57:33.

3/10/10     The state habeas court issues a scheduling order setting May 24-26, 2010 as the dates for the evidentiary hearing. D.57:35.

3/12/10     Counsel for Mr. Rivera advise the state habeas court that "our primary mental health expert witness, Dr. David Lisak, will be unavailable to attend the evidentiary hearing set for May" and was only "available during July 6-8 and July 12-14, as well as Aug. 2-6." Counsel asked that the hearing be scheduled in accordance with Dr. Lisak's availability. D.57:37.

3/25/10     State habeas court issues order acknowledging Dr. Lisak's unavailability for the scheduled hearing and "[t]o avoid delay," reopening discovery until April 30, 2010, for the limited purpose of allowing Mr. Rivera to depose Dr. Lisak. D.31-9.

3/30/10     Mr. Rivera files a "Motion to Allow Dr. Lisak to Testify Before this Court, D.31-10, in which he stressed the importance of Dr. Lisak as a witness and suggested the state habeas court could add an extra day to the evidentiary hearing to accommodate Dr. Lisak's unavailability on the scheduled date.

| | |
|---|---|
| 3/31/10 | Respondent files a response to the motion to allow Dr. Lisak's testimony, contending that Mr. Rivera was not precluded from presenting Dr. Lisak's expert report or the transcript from the deposition Respondent took of Dr. Lisak, and therefore the court should proceed with the original hearing dates, after which, "should this Court determine that it would benefit from the 'live' testimony of Dr. Lisak, this Court could schedule an additional day to conduct such a proceeding." D.31-11. |
| 4/2/10 | Mr. Rivera files a reply in support of the motion to which they attach a letter from Dr. Lisak explaining his unavailability. D.31-12. |
| 4/16/10 | The state habeas court denies Mr. Rivera's motion to allow Dr. Lisak's testimony, observing that "[t]he Court will adhere to the previously scheduled evidentiary hearing, which was agreed upon by both the Petitioner and the Respondent." D.31-13. |
| 4/22/10 | Mr. Rivera files a Request for Certificate of Immediate Review, seeking to appeal the state habeas court's denial of the motion to permit Dr. Lisak's testimony. D.31-14. (The state habeas court never ruled on this motion.) |
| 5/14/10 | Mr. Rivera files a Petition to Appeal in the Georgia Supreme Court seeking a review of the habeas court's refusal to accommodate Dr. Lisak's schedule. D.31-18. |
| 5/17/10 | Respondent files a motion to dismiss the appeal on the ground that the state habeas court's rulings did not constitute a collateral order that was appealable and, in the absence of a certificate of immediate review, the Georgia Supreme Court lacks jurisdiction. D.31-20. Respondent separately moves for expedited review. D.31-21. |
| 5/19/10 | Mr. Rivera files an emergency motion to stay state habeas proceedings pending the Georgia Supreme Court's ruling. D.31-22. |
| 5/20/10 | The Georgia Supreme Court dismisses the appeal. D.31-24. |
| 5/24/10 | Day 1 of evidentiary hearing. Mr. Rivera orally renews his motion to have Dr. Lisak testify in court. D.31-28:8-15. The court denies the motion but agrees to reconsider it at the conclusion of the hearing. *Id.* at 15. |

| | |
|---|---|
| 5/25/10 | Day 2 of evidentiary hearing. Mr. Rivera orally renews the motion and alternatively asks that the Court permit Dr. Lisak's deposition or, alternatively, that he be allowed to proffer an affidavit from Dr. Lisak. D.31-29:388-94.  The court denies each request. *Id.* at 414. |
| 6/16/10 | Post-hearing briefing schedule issues, requiring Mr. Rivera to file his post-hearing brief 60 days after receiving the transcript. D.36-19. |
| 8/19/10 | Court grants agreed-to extension of time for post-hearing briefing, setting September 29, 2010, as the date for Mr. Rivera to file his post-hearing brief. D.37-5. |
| 10/9/10 | Mr. Rivera seeks a two-week continuance of the briefing schedule due to the fact that the State scheduled the execution of another client. *See* Ex. D hereto. |
| 10/9/10 | Respondent files an opposition to the requested extension. Ex. E hereto. |
| 10/9/16 | The state habeas court denies an extension of time. Ex. F hereto. |
| 10/8/10 | Mr. Rivera files his post-hearing brief, which includes Dr. Lisak's affidavit, D.37-8, along with a cover letter explaining the delay in filing, Ex. G hereto. |
| 12/13/10 | Respondent moves to strike Dr. Lisak's affidavit. D.37-11. |
| 12/28/10 | State habeas court grants motion to strike Dr. Lisak's affidavit. D.37-12. |

**EXHIBIT D**

# GEORGIA RESOURCE CENTER

303 Elizabeth Street, N.E.
Atlanta, Georgia 30307

(404) 222-9202

FILED
BUTTS SUPERIOR COURT

Fax (404) 222-9212

2010 SEP 10 P 1: 11

BY
RHONDA SMITH, CLERK

Hon. William A. Fears
Towaliga Judicial Circuit
Butts County Courthouse
P.O. Box 531, 25 Third Street
Jackson, GA 30233

Re: Reinaldo Rivera v. Stephen Upton, Warden
 Butts County Superior Court
 Civil Action No. 2008-V-1376

*VIA U.S. MAIL AND FAX*

September 9, 2010

Dear Judge Fears,

On September 7, 2010, our office received a warrant for the execution of one of our clients Brandon Rhode. As you are aware, this situation is an extremely serious one that will require the full attention of our office at least until September 21, 2010, the date for which Mr. Rhode's execution is currently scheduled. When execution warrants issue, it is typically an "all hands on deck" situation as we work to stop the execution. This work entails preparation for a clemency hearing, preparation of pleadings for the U.S. and Georgia Supreme Courts, contacting and interviewing witnesses, victims and others involved in the case, making contact with family members, and supporting our client. Both Mr. Kammer and I will be heavily and necessarily involved in this work for the greater part of the next two weeks.

For this reason, I am writing to ask for a two-week extension to the briefing deadline in Mr. Rivera's case. You recently extended our deadline to September 29, 2010, which I very much appreciated. Since then, I have made steady progress on the brief, but it is not complete and I will need all of the time you had originally given me to complete it. At this point, I cannot both work on Mr. Rhode's warrant and complete Mr. Rivera's brief by September 29. Given the seriousness and imminence of Mr. Rhode's situation, our office has no choice but to devote our attention to his case right now. I am enclosing a draft Order for your consideration. Thank you for your kind attention to this matter.

Sincerely,

Robyn A. Painter,
Counsel for Reinaldo Rivera

Encl.
Cc: Theresa M. Schiefer
 Natasha Nankali

The Georgia Appellate Practice and Educational Resource Center, Inc. is a nonprofit organization governed by a Board of Directors. The Center was established by the State Bar of Georgia and is affiliated with the Georgia State University College of Law.

IN THE SUPERIOR COURT OF BUTTS COUNTY
STATE OF GEORGIA

REINALDO JAVIER RIVERA, )
   Petitioner, )
 )
       v. )         Habeas Corpus
 )        Case No. 2008-V-1376
STEPHEN UPTON, Warden, )
Georgia Diagnostic Prison, )
   Respondent. )
_____ )

## AMENDED SCHEDULING ORDER

Upon consideration of Petitioner's Motion, the Court hereby GRANTS Petitioner's

request for an extension to the current briefing schedule in this matter.

Accordingly, Petitioner's Post-Hearing Merits Brief shall be filed on October 13, 2010;

Respondent's Brief shall be filed sixty (60) days after service of Petitioner's Brief; and,

Petitioner's Reply shall be filed thirty (30) days after service of Respondent's Brief. Both parties

shall submit proposed orders for the Court's consideration thirty (30) days after service of

Petitioner's Reply.


SO ORDERED, this the _____ day of _____, _____.


_____
William A. Fears
Butts County Superior Court
(sitting by designation)


Prepared by: Robyn A. Painter,
Staff Attorney, Georgia Resource Center
303 Elizabeth St.
Atlanta, GA 30307
(404)222-920

**EXHIBIT E**



**Department of Law**
**State of Georgia**

THURBERT E. BAKER
ATTORNEY GENERAL

40 CAPITOL SQUARE SW
ATLANTA, GA 30334-1300

Writer's Direct Dial:
404-651-6927
Fax: 404-651-6459

September 9, 2010

**VIA FACSIMILE AND REGULAR MAIL**

Honorable William A. Fears
Towaliga Judicial Circuit
P.O. Box 531
Jackson, Georgia 30233

RE:**REINALDO RIVERA v. STEPHEN UPTON, WARDEN; In the Superior
Court of Butts County, Georgia; Civil Action No. 2008-V-1376; Habeas
Corpus**

Dear Judge Fears:

I am in receipt of Ms. Painter's letter request for an additional extension to file Mr. Rivera's post hearing brief citing an execution warrant issued for another client, Brandon Rhode, as the reason for the request. I am writing to express my opposition to additional time to file the brief. While I certainly recognize from firsthand experience that things become very busy around the time of an execution, it is simply unreasonable that all other obligations to other clients be put on hold pending that matter. Additionally, counsel has not set out what exact preparation and filings will be necessary in Mr. Rhode's case, thus there is little concrete support for her request.

In a recent brief filed by the Georgia Resource Center in the state habeas case of Gregory Walker, Mr. Kammer represented to the court that the Resource Center consists of an Executive Director and six staff attorneys with a combined half-century of experience, two full-time and three part-time investigators with a combined 75 years of experience, and an office administrator. Mr. Kammer is the only attorney of record on Mr. Rhode's case. Again, while I do understand that it may be necessary for others to assist Mr. Kammer in Mr. Rhode's case, there are numerous employees who can also be available to assist.

Moreover, this Court has been extremely flexible with scheduling in this case at the request of Petitioner's counsel throughout the years, most recently by granting a 30-day extension of briefing at the request of Ms. Painter for familial obligations. Counsel will have had 90 days to complete briefing with the September 29 deadline previously imposed by this Court. Notably, that date is almost three weeks from this date and more than a week after Mr. Rhode's scheduled execution.

Again, while I acknowledge, directly from my own personal experience, including the anticipation of my own increased workload, that the execution warrant may create additional duties for Ms. Painter over the next two weeks, I can not consent to further extending the briefing schedule in Petitioner's case as a result.

I appreciate this Court's attention to this matter.  Please do not hesitate to contact me with any questions or concerns.


Sincerely,

Theresa M. Schiefer
Assistant Attorney General


Cc:     Ms. Robyn Painter, Counsel for Petitioner
        Ms. Natasha Nankali, Habeas Corpus Law Clerk, Council of Superior Court Judges

**EXHIBIT F**

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

Reinaldo Javier Rivera,                           :
                                                  :
            Petitioner,                           :
                                                  :
vs.                                               :
                                                  :    Habeas Corpus Case No. 2008-V-1376
                                                  :
Stephen Upton, Warden,                            :
Georgia Diagnostic Prison,                        :
                                                  :
            Respondent.                           :

## ORDER

Before the undersigned is the request by counsel for Petitioner for an extension to file the post hearing brief. This request is based upon an upcoming execution in a non-related death penalty case. Taking into consideration that one previous extension has been granted, the request for a second extension is hereby *DENIED*.

SO ORDERED, this the ___16th___ day of September, 2010.

Hon. William A. Fears, Judge
Butts County Superior Court
Towaliga Judicial Circuit

FILED
BUTTS SUPERIOR COURT
2010 SEP 16  A 10: 51
BY _____
RHONDA SMITH, CLERK

**EXHIBIT G**

# GEORGIA RESOURCE CENTER

303 Elizabeth Street, N.E.
Atlanta, Georgia 30307

(404) 222-9202

Fax  (404) 222-9212

Hon. William A. Fears
Towaliga Judicial Circuit
Butts County Courthouse
P.O. Box 531, 25 Third Street
Jackson, GA 30233

Re:  Reinaldo Rivera v. Stephen Upton, Warden
     Butts County Superior Court
     Civil Action No. 2008-V-1376

*VIA U.S. MAIL AND FAX*

October 8, 2010

Dear Judge Fears,

        Enclosed, please find Petitioner Rivera's post-hearing brief, which we are filing in compliance with Respondent's Motion to Compel of October 7, 2010. We apologize for our late submission. On September 21, 2010, we learned that our client Brandon Rhode, who was facing execution that same day, attempted to commit suicide, thus calling his competency to be executed into question. This unforeseen emergency necessitated that Mr. Kammer and I put aside our other cases to focus on Mr. Rhode's case.

        Mr. Kammer and I appeared in court for an emergency competency hearing in Butts County on Mr. Rhode's behalf on the evening of September 22, 2010, from 6:30 p.m. until about 11:30 p.m. that night. I spent the entire day on the 22nd learning the relevant case law and becoming familiar with the facts of Mr. Rhode's case, as they evolved. The subsequent day, September 23, 2010, I had responsibility for preparing our office's expert witness to testify and appeared in Butts County again from 3 p.m. until about 7:30 p.m. on that evening. Judge Wilson demanded that our proposed orders be filed with his office at 11:30 a.m. the following day on September 24, 2010. As the person who appeared at both previous hearings, I was tasked with writing our proposed order in that matter. Following Judge Wilson's finding that Mr. Rhode was competent to be executed, I assisted in the emergency appeals stemming from the hearings at which I appeared on September 22 and 23. It is no exaggeration to say that Mr. Kammer and I worked day and night that entire week, including through the weekend and on the day of Mr. Rhode's execution.

*The Georgia Appellate Practice and Educational Resource Center, Inc. is a non-profit organization governed by a Board of Directors.
The Center was established by the State Bar of Georgia and is affiliated with the Georgia State University College of Law.*

10/08/10

# GEORGIA RESOURCE CENTER

303 Elizabeth Street, N.E.
Atlanta, Georgia 30307

(404) 222-9202                                                                                    Fax (404) 222-9212

---

For these reasons, I was unable to work on Mr. Rivera's brief, except for one day, the entire week leading up to our filing deadline. Since that time, Mr. Kammer and I have dedicated ourselves to filing a quality brief that befits the seriousness of Mr. Rivera's case as rapidly as possible. We ask that this Court accept our apologies for any inconvenience that this unforeseen and unpreventable delay may have caused.

Sincerely,

Robyn A. Painter,
Counsel for Reinaldo Rivera

Encl.
Cc:   Theresa M. Schiefer
      Natasha Nankali